Li v. Barr

BIA
Nelson, IJ
A205 616 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand nineteen.

PRESENT:
BARRINGTON D. PARKER,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

_____

ZHESHAN LI,
*Petitioner,*

v.                                                                18-618
                                                                  NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Vincent S. Wong, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Cindy S.
                           Ferrier, Assistant Director;
                           Surell Brady, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zheshan Li, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming an Immigration Judge's ("IJ") denial of Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Zheshan Li,* No. A205 616 552 (B.I.A. Feb. 2, 2018), *aff'g* No. A205 616 552 (Immig. Ct. N.Y. City Apr. 18, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in finding that Li failed to establish a well-founded fear of persecution on account of his conversion to Christianity and religious activities in the United States.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); 8 C.F.R. § 1208.13(b)(2). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii). "[The] alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

As evidence that Chinese authorities are aware of his religious activities in the United States, Li submitted unsworn letters from his mother and aunt. We defer to the agency's decision to afford little weight to these unsworn letters from interested witnesses. *See Y.C.*, 741 F.3d at 334. Given that Li provided no other independent evidence to support his assertion that authorities are aware of his religious practice, the agency did not err in finding that assertion speculative. *See Y.C.*, 741 F.3d at 334; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005)

3

("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

The agency also reasonably concluded that the country conditions evidence does not support Li's claim. That evidence indicates that tens of millions of Christians practice in unregistered churches in China and that officials do not interfere with religious practice in some areas of the country. Further, that evidence makes no mention of religious persecution in Li's home province of Jilin. Given the large number of religious practitioners in China and regional variations in the restrictions on their activities, the agency did not err in finding that Li failed to establish a well-founded fear of being singled out for religious persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 172-73 (2d Cir. 2008) (finding no error in agency's requirement that applicant demonstrate well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality). Nor did it err in finding that Li failed to demonstrate that China has a pattern or practice of persecuting Christians similarly situated to himself. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

Accordingly, because the agency reasonably found that Li failed to demonstrate a well-founded fear of future persecution, it did not err in denying asylum, withholding of removal, and CAT relief, all of which were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court
```